FARRAR ET UX. *v.* ROMER AND COMPANY, INC., ET AL.

[No. 199, September Term, 1957.]

428

*Decided April 28, 1958.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ., and MACGILL, J., Associate Judge of the Fifth Judicial Circuit, specially assigned.

Submitted on brief by *Alger Y. Barbee* and *Luther E. Angle,* for the appellants.

*John D. Bowman, Jr.,* for the appellees.

MACGILL, J., by special assignment, delivered the opinion of the Court.

This is an appeal from a judgment entered on a jury's verdict against the property owners and in favor of a real estate broker for a commission on an unconsummated sale of real estate.

The facts, although disputed, are not complicated. The appellants, Mr. and Mrs. Farrar, who owned a farm in Montgomery County, planned to sell it and move to Arizona. They listed it, on a non-exclusive listing, with the appellees, at a sales price of $39,500.00. Buyers were not interested at that price and later, according to the appellee, Mr. Allen K. Romer, the appellants authorized a reduction in the asking price to $37,500.00. The appellants secured a purchaser at the reduced price and Mr. Romer took the sales contract, which had been executed by the purchaser, to the appellants. He testified that they then raised, for the first time, the question of an agreement which they had previously executed for the sale of certain timber on the property. There was also some discussion about the possibility of a settlement date earlier than that provided for in the contract. Mr. and Mrs. Farrar, however, did not reject the contract but told Mr. Romer that they would straighten out the matter of the timber cutting and come to his office later that day and sign the contract. Instead of doing so, they signed a contract that evening, which had been subsequently produced by another broker and which provided somewhat more favorable terms as to the price and settlement date.

Mr. Farrar testified that he mentioned the timber-cutting agreement to Mr. Romer when he first listed the farm with the latter's organization. He denied that he later authorized a reduction in the asking price from $39,500.00 to $37,500.00, although he admitted that there was some discussion with Mr. Romer about the possibility of having to sell at a lower figure. He and his wife did not sign the contract produced by Mr. Romer because it did not fulfill their requirements as to price

nor contain a clause covering the timber-cutting agreement. They also wanted an earlier settlement date. They did not, however, tell Mr. Romer that the contract was unacceptable but merely said that they would like to consider it for a few hours. They then went to the other broker that same day, informed him of the terms of the offer, and asked him if he could "beat it".

The appellants contend that the trial judge committed reversible error in refusing to allow them to offer in evidence the contract of sale accepted by them, which contained provisions for an earlier settlement date and for the ownership and removal of timber, in addition to a price increase. They urge that their case was prejudiced in the eyes of the jury because the latter was permitted to consider only the provision for an increase in the price and might have concluded therefrom that the first contract was simply used as a bargaining point in obtaining the second and more favorable one. We think that there is no merit in this contention. The record shows that testimony as to the price increase in the second contract was let in without objection. It does not follow that the trial court was in error in refusing to admit into evidence, as relevant, the terms of another contract procured by another broker, presumably acting under the authority of another agreement. As the trial judge correctly ruled, the issue was as to whether or not the appellees produced for the appellants a purchaser for the property on the terms authorized by them. *Singer Construction Company v. Goldsborough*, 147 Md. 628; *Neuland v. Millison*, 188 Md. 594. The conflicting testimony as to the terms authorized clearly justified the submission of the case to the jury.

It follows, therefore, that there was no error in the denial of the appellants' motions for a directed verdict, and for a judgment notwithstanding the verdict.

*Judgment affirmed, with costs.*